```
UNITED STATES DISTRICT COURT                    Copy mailed by Chambers 3-18-19 DH
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BRADLEY FOERSTER,                               :
                        Plaintiff,              :         **MEMORANDUM OPINION**
v.                                              :         **AND ORDER**
                                                :
UNIVERSITY OF MICHIGAN,                         :         19 CV 2186 (VB)
                        Defendant.              :
--------------------------------------------------------------x
```

Briccetti, J.:

    Plaintiff Bradley Foerster, proceeding pro se, brings this action against defendant University of Michigan, alleging violations of the Family Medical Leave Act ("FMLA") and associated state claims that occurred during his employment as a professor at the University of Michigan in Ann Arbor, Michigan, and as a staff physician at the United States Department of Veterans Affairs ("VA") Healthcare System facility in Ann Arbor, Michigan ("VA Ann Arbor").

    According to the complaint, plaintiff is a neuroradiologist who currently resides in Port Chester, New York. Plaintiff alleges that since 2009, the University of Michigan has employed him as an associate professor of radiology, and that his employment agreement with the University of Michigan requires him to practice medicine on a part-time basis at the VA Ann Arbor. Plaintiff's claims concern his alleged discovery of mishandled VA research grant funds, the termination of his employment at the VA Ann Arbor, and the ongoing administrative efforts to terminate his employment at the University of Michigan.

## DISCUSSION

    Because plaintiff alleges defendant is located in Michigan and all the events underlying plaintiff's claims occurred in Michigan, the Court sua sponte examines venue under 28 U.S.C. § 1391(b). See Geffner v. Quanta Servs., Inc., 2018 WL 6807388, at *3 (S.D.N.Y. Dec. 27,

2018).[1] Section 1391(b) provides an action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under 28 U.S.C. § 1406(a), a district court shall dismiss or transfer "a case laying venue in the wrong division or district." See 28 U.S.C. § 1406(a). When transferring sua sponte, courts follow the same traditional analysis used when a party moves for a change of venue. AT&T v. Bethlehem Steel Corp., 2001 WL 799763, at *1 (S.D.N.Y. July 16, 2001).

In deciding whether transfer is appropriate, the Court should consider, among other things: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006) (internal quotation omitted). "The most significant factor to be considered by this Court, in its exercise of discretion, is the convenience of the party and nonparty witnesses." Nieves v. Am. Airlines, 700 F. Supp. 769, 772 (S.D.N.Y. 1988). While the plaintiff's choice of forum is important, "courts' reliance upon plaintiff's choice diminishes where . . . the facts giving rise to the litigation bear little material connection to the chosen forum." Greenwood Partners v. New Frontier Media Inc., 2000 WL 278086, at *2 (S.D.N.Y. Mar. 14, 2000).

---

[1] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Here, all factors—except for plaintiff's choice of venue—weigh in favor of transferring this action to the United States District Court for the Eastern District of Michigan. The defendant is located in the Eastern District of Michigan, and all the allegations concerning mishandled VA research grant funds and plaintiff's employment occurred in Eastern District of Michigan. Presumably, the witnesses (other than plaintiff) and relevant documents can also be found in Eastern District of Michigan.

Accordingly, venue is proper in the Eastern District of Michigan, not in the Southern District of New York, and it is in the interest of justice to transfer this case to the Eastern District of Michigan where it could have been brought.

## CONCLUSION

The Clerk is instructed to transfer this case to the United States District Court for the Eastern District of Michigan.

Dated: March 18, 2019
      White Plains, NY

                      SO ORDERED:

                      _____
                      Vincent L. Briccetti
                      United States District Judge